**Louis FRANCIS, Plaintiff—Appellant,**

v.

**George M. GALAZA; et al., Defendants—Appellees.**

**No. 02–15405.**

**D.C. No. CV–99–05905–AWI(LJO).**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Louis Francis, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

officials violated his Eighth Amendment rights by allowing a puddle of water to accumulate in his cell, causing him to injure himself in a fall, and by retaliating against him by ordering him transferred when he filed a grievance about the incident. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm in part and vacate and remand in part.

The district court properly held that Francis failed to exhaust administrative remedies as to all claims based on the flooding of his cell and his resultant fall. Francis filed his administrative grievances more than 15 days after the incidents he complained of and was therefore barred from proceeding any further. *See* 42 U.S.C. § 1997e(a); Cal.Code Regs., title 15, § 3084.6(c); *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Defendants did not, however, adequately establish that Francis failed to exhaust administrative remedies as to his retaliation claims. *See Wyatt v. Terhune,* 305 F.3d 1033, 1044 (9th Cir.2002). Francis alleged that he filed an administrative grievance within 15 days after the date defendants retaliated against him by transferring him, and defendants did not show that Francis failed to complete the administrative grievance process. *See id.*

Accordingly, we remand to the district court for further proceedings regarding whether Francis exhausted administrative remedies with respect to his retaliation claims.

---

Each party shall bear its own costs on appeal.

**AFFIRMED** in part; **VACATED** and **REMANDED** in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.